Greenland Asset Mgt. Corp. v MicroCloud Hologram, Inc. (2025 NY Slip Op 06901)

Greenland Asset Mgt. Corp. v MicroCloud Hologram, Inc.

2025 NY Slip Op 06901

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 651701/23|Appeal No. 5348|Case No. 2024-05167|

[*1]Greenland Asset Management Corporation, Plaintiff-Respondent,
vMicroCloud Hologram, Inc., Formerly Known as and as Successor-in-Interest to Golden Path Acquisition Corporation, Defendant-Appellant, Wei Peng et al., Defendants.

Morrow Ni, LLP, New York (Lawrence Yichu Yuan of counsel), for appellant.
Thompson & Skrabanek, PLLC, New York (Mastewal Taddese Terefe of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 25, 2024, which, to the extent appealed from as limited by the briefs, denied defendant MicroCloud Hologram, Inc.'s motion to dismiss the cause of action for breach of contract (the first cause of action) and breach of the implied covenant of good faith and fair dealing (the third cause of action), unanimously affirmed, with costs.
Plaintiff stated a cause of action for breach of contract by alleging that defendant failed, among other things, to file a registration statement with the Securities and Exchange Commission, despite plaintiff's multiple written demands that it do so under the terms of the parties' contract. Furthermore, contrary to defendant's contention, the contract sufficiently provided objective criteria by which to measure defendant's performance of its obligation. Under the terms of the contract, once plaintiff submitted a demand for registration, defendant was required to use its "best efforts" to prepare and file a registration statement with the SEC "as expeditiously as possible," to cause the registration statement to become effective, and to keep it effective until defendant sold its securities. The contract's definitions, in turn, expressly refer to the filing of registration statements, amendments, and supplements in compliance with the Securities Act and SEC regulations, therefore incorporating the Act and the regulations into the contract's terms and providing objective standards for judging the adequacy of defendant's efforts (see Wilder v World of Boxing LLC, 310 F Supp 3d 426, 441 [SD NY 2018], affd 777 F Appx 531 [2d Cir 2019]). Similarly, the requirement to file "as expeditiously as possible" is modified by a proviso allowing defendant to "defer any Demand Registration for up to thirty (30) days," thus providing additional guidance as to the timing of defendant's obligation to file a registration statement.
Plaintiff also stated a cause of action for breach of the implied covenant of good faith and fair dealing by alleging that defendant denied its requests because its principal sought to sell his own shares on the open market without having to compete with plaintiff. Even assuming that defendant had some discretion under the contract to refuse plaintiff's request as unreasonable, "even an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement" (Legend Autorama, Ltd. v Audi of Am., Inc., 100 AD3d 714, 716 [2d Dept 2012], quoting Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 302 [1st Dept 2003]).
We reject defendant's contention that it possessed the sole discretion to decide whether to remove a restrictive legend on the securities, as the contract stated that defendant "shall" take action to enable plaintiff to sell its shares under the Securities Act. Nor is plaintiff's action foreclosed by the SEC's comment that "the removal of a legend is a matter solely in the discretion of the issuer of the securities" under Rule 144 72 Fed Reg 71546, 71550 n 65 [2007], codified at 17 CFR 230.144 and 230.145. On the contrary, the SEC also recognizes that "[d]isputes about the removal of legends are governed by state law or contractual agreements" (id.), and the parties' contract requires defendant to remove any obstacles to plaintiff's selling of its shares on the market, including by removing restrictive legends.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025